**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-7243**

───────────

BILLY D. MORRISON,

        Plaintiff - Appellant,

    v.

JOHN VANDERMOSTEN; TROY ERVIN; A. WATKINS; G. WATT; MELINDA MCELHANNON; SAMANTHA YATES; KIM OLZEWSKI,

        Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of South Carolina, at Florence. J. Michelle Childs, District Judge.  (4:19-cv-01926-JMC)

───────────

Submitted:  March 22, 2023                      Decided:  May 5, 2023

───────────

Before QUATTLEBAUM, Circuit Judge, and MOTZ and TRAXLER, Senior Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Billy D. Morrison, Appellant Pro Se.  P. Christopher Smith, Jr., CLARKSON WALSH TERRELL & COULTER, PA, Greenville, South Carolina, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy D. Morrison, a South Carolina inmate, appeals the district court's order granting Defendants summary judgment in his 42 U.S.C. § 1983 action. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Morrison that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Morrison received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review because the objections were not specific to the particularized legal recommendations made by the magistrate judge. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).

In his informal brief, Morrison also challenges the magistrate judge's earlier order denying Morrison's motions for leave to file a proposed second amended complaint and for the appointment of counsel. Upon review of the record, we conclude that the denial of

2

leave to file a second amended complaint was well within the exercise of the magistrate judge's discretion. *See Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014) (providing standard of review). As to the denial of appointment of counsel, the magistrate judge observed that Morrison's pleadings and exhibits demonstrated his ability to litigate this case pro se. *Morrison v. Vandermosten*, No. 4:19-cv-01926-JMC (D.S.C. Mar. 19, 2021). This ruling was not an abuse of discretion. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*